## Surville Bouquevalte *v.* Daniel Young.

Plaintiff having recovered damages in an action for a malicious prosecution tried by a jury before a Parish Court, defendant appealed to the District Court, which confirmed the judgment. There was no prayer for a trial by jury before the District Court ; but defendant moved for a new trial in that court, on the ground, that the case could not be tried by it without a jury. The new trial was refused, and the defendant again appealed. *Per Curiam.* It was too late to ask for a jury on a motion for a new trial ; and it may well be doubted whether a trial by jury can be required in the District Court, sitting for the trial of appeals.

Appeal from the District Court of the First District, *Buchanan*, J.

*Labarre* and *J. Seghers,* for the plaintiff.

*McKinney* and *Preston,* for the appellant.

Morphy, J. This is an appeal taken from a judgment of the District Court of the First District, in a case brought before it by appeal from a judgment of the Parish Court of the Parish of Jefferson. This action is for damages for a malicious prosecution instituted by the defendant, who is charged with having maliciously, and without any probable cause whatever, procured the petitioner to be arrested and imprisoned, by making an affidavit, that he had stolen from him a lug sail for an oyster boat, from which accusation the petitioner was afterwards discharged by the committing magistrate. The jury who tried the cause in the Parish Court, brought in a verdict for $150, with which the court expressed its satisfaction. The case was submitted without argument in this court, and no points have been filed by the appellant, showing on what grounds he complains of the judgment rendered against him. It may well be assumed, that they are those on which he prayed for a new trial in the District Court. These were, that the judgment was contrary to law and evidence, and that the cause could not be tried by the court, because a jury was prayed for.

We concur in opinion with the District Court, as to the correctness of the verdict and judgment, in the Parish Court of Jef-

ferson. The facts alleged were proved, and the malice of the defendant was shown by his own declaration after the arrest, that he never believed, that the plaintiff had been guilty of the charge.

A jury had been prayed for, and had tried the case in the Parish Court. If the appellant to the District Court wanted the case to be there tried again by a jury, he should have prayed for it, which he has not done. It was too late to call for a jury on a motion for a new trial. It may, moreover, well be doubted whether a trial by jury could be asked in the District Court, considered as an appellate tribunal. In certain cases provided for by law, appeals from the Parish Courts must be taken before this court, where such a mode of trial cannot be had. Ccde of Practice, art. 569.

*Judgment affirmed.*